spindle is likewise not sufficiently supported to justify its adoption. We are compelled to conclude in the state of the record that the taxpayer has failed to sustain any of its assignments of error.

---

Appeal of JOSEPH A. ANWYLL.        Docket No. 1120.

Submitted February 25, 1925; decided March 16, 1925.

*Mr. Joseph A. Anwyll*, the taxpayer, *pro se.*
*Ward Loveless, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

### FINDINGS OF FACT.

After an examination by a revenue agent of the taxpayer's accounts and records, the Commissioner has determined an overassessment of income tax for the year 1919 of $186.36, and deficiencies in tax for the years 1920 and 1921 of $355.77 and $543.80, respectively, or a net deficiency for the three years of $713.21. The revenue agent found that the taxpayer had no accurate books of account and the net income shown by him was verified by bank deposits and expenditures shown by canceled checks.

During 1919 and 1920 the taxpayer was engaged as a sole proprietor in the manufacture and sale of ice cream. This business was sold in the early part of 1921 to the Imperial Ice Cream Co. and from the date of sale until some time in July the taxpayer was not engaged in any business. About July 15, 1921, the taxpayer and W. E. Hartley organized the Marion Bag & Paper Co., a partnership.

The net income of the taxpayer, as disclosed by his income-tax return for the calendar year 1920, was $8,144.15. To this amount the revenue agent added $3,283.95. This was due to the disallowance of deductions as follows:

| | |
|---|---|
| Salaries and wages | $84.37 |
| Depreciation | 932.62 |
| Other expense | 2,266.96 |

The taxpayer filed no income-tax return for 1921, as he did not consider that any profit had been made upon the sale of his business and he had less income from other sources than the amount of the exemption to which he was entitled. The revenue agent computed his total net income at $10,415.04. Included in the gross income is a profit of $5,025.43 from the sale of the taxpayer's business to the Imperial Ice Cream Co. and $5,556.63 from the conduct of the ice cream business. The taxpayer's books of account were kept upon a receipts and disbursements basis, and during the year 1921 the taxpayer collected outstanding accounts from the sales of ice cream in 1920 of $10,322.14 and paid during the year bills appertaining to the ice cream business in the amount of $4,765.51. The difference between these items was found by the revenue agent to represent income liable to tax.

The profit of $5,025.43 from the sale of the ice cream business was computed as follows:

Business sold to Imperial Ice Cream Co., of Fairmont, W. Va., January 1, 1921:

| | | |
|---|---:|---:|
| Sale price | | $14,000.00 |
| Investment Jan. 1, 1918 | $12,400.00 | |
| Additional investment in 1918 | 350.00 | |
| Additional investment in 1919 | 2,492.79 | |
| Additional investment in 1920 | 2,471.18 | |
| Total investment | 17,713.97 | |
| Less depreciation | 8,739.40 | |
| | | 8,974.57 |
| Net profit | | 5,025.43 |

The ice cream business was acquired in February, 1913, at a cost of $3,000, and during the same year $2,000 was expended for additional equipment. In December, 1917, a competitor's business was purchased for $10,000. The revenue agent found that the depreciated cost of plant and equipment at January 1, 1918, was $12,400. The taxpayer claimed depreciation on plant and equipment in his income-tax returns for 1918, 1919, and 1920 of $8,739.40.

### DECISION.

The Board discovers no errors in the computations of the Commissioner resulting in a net deficiency in income tax for the years 1919, 1920, and 1921, of $713.21. His determination of the net deficiency is, therefore, approved.

---

### Appeal of OAKDALE COAL CO.                    Docket No. 1252.

Where no notice of deficiency is sent under subdivision (a) of section 274 of the Revenue Act of 1924, but only a notice is sent of assessment under subdivision (d) of that section, appeal will not lie until the taxpayer is notified of the Commissioner's action on a proper claim in abatement.

Submitted February 18, 1925; decided March 16, 1925.

*Addison S. Pratt, Esq.*, for the taxpayer.
*George K. Bowden, Esq.*, for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

STERNHAGEN: On October 29, 1924, the Commissioner mailed the following letter to the taxpayer:

IT: CA–2554–3                                        OCT. 29, 1924.
OAKDALE COAL CO.,
    *Gas and Electric Building, Denver, Colorado.*

SIRS: In accordance with the provisions of section 274(d) of the Revenue Act of 1924, there has been assessed against you an income and excess profits tax amounting to $27,858.04 for the taxable year ended 8/31/1919. the details of which are set forth in the attached statements.

Under the provisions of section 279(a) of the Act you have the right to file with the Collector of Internal Revenue within ten days after notice and demand for payment, a claim for abatement of this tax or any part thereof. The claim should have attached to it all evidence and data upon which you